UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| RITA YATES, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:12-CV-367 RLM |
| | ) | |
| KAREN M. MARTIN, individually | ) | |
| and in her capacity as Porter | ) | |
| County Clerk, *et al.*, | ) | |
| | ) | |
| *Defendants* | ) | |

OPINION AND ORDER

Rita Yates, a former employee of the Porter County Clerk's Office, brought suit against Porter County, the Porter County Board of Commissioners, the Board members (John Evans, Nancy Adams, and Carole Knoblock), and the Porter County Clerk (Karen Martin) under 42 U.S.C. § 1983, the Age Discrimination in Employment Act of 1967, the Civil Rights Act of 1991, and Indiana law, alleging that she was harassed, denied promotions, demoted, subject to political retaliation and a hostile work environment, and wrongfully discharged. The defendants' unopposed motion to dismiss her amended complaint under FED. R. CIV. P. 12(b)(6) currently pends before the court. For the following reasons, the motion is GRANTED in part, and DENIED in part.

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But FED.

R. CIV. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Ms. Yates is one of three former Clerk's Office employees to bring such a suit. *See* Tabor v. Martin et al., Cause No. 2:12-CV-138 JTM, and Kesel v. Martin et al., Cause No. 2:12-CV-139 JTM.[1] Her amended complaint and EEOC charge are virtually identical to the complaints and charges in Tabor and Kesel, as are the defendants' arguments in support of their motions to dismiss. Unlike her co-

---

[1] The cases were consolidated for discovery purposes in November 2012 [Doc. No. 17].

workers, however, Ms. Yates didn't respond to the defendants' motion to dismiss. Had the defendants presented a viable basis for dismissing each of the claims asserted, the failure to respond might have operated as a waiver or forfeiture, Lekas v. Briley, 405 F.3d 602, 614-615 (7th Cir. 2005), and provided a sufficient basis to grant the motion to dismiss. *See* Kirksey v. R.J. Teynolds Tobacco Co., 168 F.3d 1039, 1043 (7th Cir. 1999) ("by failing to respond responsively to the motion to dismiss…[plaintiff] forfeited her right to continue litigating her claim"); Stransky v. Cummins Engine Co., Inc., 51 F.3d 1329, 1335 (7th Cir. 1995) ("[W]hen presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants."). The defendants didn't provide a basis for dismissal of all claims.

The defendants asked the court to dismiss the amended complaint in its entirety with prejudice, but they didn't address the sufficiency of the plaintiff's ADEA claim against Porter County and the Porter County Board of Commissioners.[2] *See* Tabor v. Martin, 2014 WL 888839 at *2 (N.D. Ind. March 5, 2014); Kesel v. Martin, 2014 WL 888884 at *2 (N.D. Ind. March 5, 2014). This motion, then, is only a partial motion to dismiss.

---

[2] The defendants' motion didn't address whether the Porter County Board of Commissioners is a proper party to this suit. While the court dismissed the Board *sua sponte* in Tabor and Kesel, subject to reconsideration, *see* Tabor, 2014 WL 888839 at *1 n.1; Kesel, 2014 WL 888884 at *1 n.1, the Board remains a party to this litigation.

The defendants contend, as they did in Tabor and Kesel, that the remaining claims should be dismissed because: (1) the official capacity claims against Ms. Martin, Mr. Evans, Ms. Adams, and Ms. Knoblock are redundant of claims asserted against Porter County (Ms. Yates' employer); (2) Ms. Martin, Mr. Evans, Ms. Adams, and Ms. Knoblock can't be held individually liable under the ADEA; (3) the "non-termination claims" asserted in paragraph 15 of the amended complaint[3] exceed the scope of the EEOC charge[4]; and (4) the political retaliation and intentional infliction of emotional distress claims aren't supported by sufficient facts.

---

[3] Paragraph 15 of the First Amended Complaint [Doc. No. 11] alleges as follows:

On or before June 24, 2011, Defendant Karen M. Martin engaged in ongoing, continual harassment of the Plaintiff including, but not limited to, making false accusations about her work performance, encouraging and "egging on" fellow employees in making false accusations about the Plaintiff's work performance, denials of promotion, demotion, slanderous comments about the plaintiff to fellow employees, and multiple unsubstantiated write-ups and reprimands of her work performance, thereby damaging the Plaintiff's work status, damaging her prospects for future promotion and employment, and creating a hostile and offensive work environment.

[4] The EEOC charge (which was attached to the original complaint [Doc. No. 1] and to defendants' motion to dismiss [Doc. No. 13-1]) states in relevant part that:

2. ..."[T]he Porter County Clerk, her agents, assigns, and/or employees, terminated and/or constructively terminated [Ms. Yates's] employment based upon ongoing harassment and/or false accusations concerning [her] job performance.

3. ...[S]he was terminated and/or constructively terminated from employment based upon her age....

Through Judge Moody, this court granted the defendants' motions to dismiss in part in Tabor and Kesel. It granted the motions with respect to the official and individual capacity, political retaliation, and intentional infliction of emotional distress claims, holding that: the official capacity claims against Ms. Martin, Mr. Evans, Ms. Adams, and Ms. Knoblock were redundant, *see, e.g.*, Thanongsinh v. Board of Educ. 462 F.3d 762, 771 (7th Cir. 2006); "there is no individual liability under the ADEA" (quoting Horwitz v. Board of Educ. of Avoca School Dist. No. 37, 260 F.3d 602, 610 n.2 (7th Cir. 2001); and the amended complaints didn't allege sufficient facts to state a plausible claim of political retaliation, *see* Zerante v. DeLuca, 555 F.3d 582, 585 (7th Cir. 2009) ("to establish a prima facie case for [an employment discrimination case based on political retaliation] a plaintiff must demonstrate two things: first, that her conduct was constitutionally protected, and second, that the protected conduct was a substantial or motivating factor in the employment decision"), or intentional infliction of emotion distress, *see* Westminster Presbyterian Church of Muncie v. Yonghong Cheng, 992 N.E.2d 859, 870 (Ind. App. 2013) ("The elements of the tort [of intentional infliction of emotional distress] are that the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another."). Tabor, 2014 WL 888839 at *2-4; Kesel, 2014 WL 888884 at *2-4. But it denied the defendants' motion to dismiss the "non-termination" claims, finding that those claims were reasonably related to the allegations in the plaintiffs' EEOC charges, would be expected to grow out of an

5

investigation into those charges, and weren't beyond the scope of the charge. Tabor, 2014 WL 888839 at *3 (citing Vela v. Village of Sauk Village, 218 F.3d 661, 664 (7th Cir. 2000); Cheek v. Western and Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994)); Kesel, 2014 WL 888884 at *3 (same). This judge agrees.

Accordingly, the defendants' motion to dismiss the first amended complaint [Doc. No. 12] is GRANTED in part and DENIED in part. The official capacity and individual capacity claims against Ms. Martin, Mr. Evans, Ms. Adams, and Ms. Knoblock, and the political retaliation and intentional infliction of emotional distress claims against all defendants are DISMISSED with prejudice.[5] In all other respects, the motion to dismiss is DENIED.

SO ORDERED.

ENTERED:   March 26, 2014

　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court

---

[5] Ms. Yates waived any objection to defendants' request to dismiss with prejudice when she failed to respond to the motion to dismiss. See Kirksey v. R.J. Teynolds Tobacco Co., 168 F.3d at 1043; Stransky v. Cummins Engine Co., Inc., 51 F.3d at 1335.